# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BRODERICK ISLER (#585240)**      **CIVIL ACTION**

**VERSUS**

**COLONEL JOHN BELL, ET AL.**      **NO. 12-0042-BAJ-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 17, 2012.

                                              **MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BRODERICK ISLER (#585240)**                                                  **CIVIL ACTION**

**VERSUS**

**COLONEL JOHN BELL, ET AL.**                                      **NO. 12-0042-BAJ-DLD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Colonel John Bell, Major Jackie Faulkenberry and Msgt. Cary McKnight, complaining that on November 28, 2011, defendant McKnight approached the plaintiff and questioned the plaintiff regarding whether he was preparing an administrative grievance against the defendant. When the plaintiff responded that he was not, the defendant threatened the plaintiff with physical harm if the plaintiff prepared such a grievance, stating "you better not - if you do I promise you, you'll never make it out of here alive." The plaintiff further asserts that he was questioned by defendants Bell and Faulkenberry the next day, and these defendants subjected him to verbal abuse and harassment as a result of the foregoing incident. As a result of these events, the plaintiff asserts that he now fears for his life.

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). See also, Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges

not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra, Denton v. Hernandez, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1993. Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Green v. McKaskle, supra.

Applying the foregoing standard, the Court finds that the plaintiff has failed to allege a claim of constitutional dimension. Specifically, all that the plaintiff has alleged in this case is that the defendants threatened him with harm on a single occasion. The law is clear, however, that allegations of mere threats, verbal abuse and harassment do not state a claim cognizable under § 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983); Burnette v. Phelps, 621 F.Supp. 1157 (M.D. La. 1985); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). Accordingly, the plaintiff's allegations regarding verbal abuse and threatening conduct by the defendants are insufficient and do not rise to the level of a constitutional violation. He does not allege, for example, that any defendant in fact caused him harm or carried out their threats to do so. Finally, the law is clear that an inmate plaintiff may not recover monetary damages for alleged mental and emotional injury in the absence of a showing of physical injury. 42 U.S.C. § 1997e(e). Inasmuch as the plaintiff makes no suggestion that he sustained physical injury as a result of the defendants' actions, it appears that his claims are frivolous as a matter of law and that this action should be dismissed, with prejudice.

## RECOMMENDATION

It is recommended that the plaintiff's claims be dismissed as legally frivolous pursuant to 28

U.S.C. § 1915, and that this action be dismissed, with prejudice.[1]

Signed in Baton Rouge, Louisiana, on May 17, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."